# ATTACHMENT 4-A

Filed 3/22/2019 5:08 PM
Terri Pirtle Willard
District Clerk
Rusk County, Texas
By: Courtney Terry

NO. 2019-073

| | | |
|---|---|---|
| VELVIN OIL COMPANY, INC. | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | 4TH JUDICIAL DISTRICT |
| | § | |
| HDI GLOBAL INSURANCE | § | |
| COMPANY, FKA HDI-GERLING | § | |
| AMERICA INSURANCE COMPANY, | § | |
| ENERGI INSURANCE SERVICES, INC. | § | |
| DBA E.I.S. RISK MANAGEMENT | § | |
| SERVICES, INC, ENERGI, INC., AND | § | |
| ENERGI RPG, LLC, AKA ENERGI | § | |
| RISK PURCHASING GROUP, LLC | § | OF RUSK COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** VELVIN OIL COMPANY, INC., hereinafter called "Plaintiff," complaining of and about HDI GLOBAL INSURANCE COMPANY, FKA HDI-GERLING AMERICA INSURANCE COMPANY, ENERGI INSURANCE SERVICES, INC. DBA E.I.S. RISK MANAGEMENT SERVICES, INC, ENERGI, INC., and ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC, hereinafter called "Defendants," and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.       Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.       Plaintiff, VELVIN OIL COMPANY, INC., is a Texas Corporation whose address is 403 Webster Dr., P.O. Box 993, Henderson, Texas 75653.

3.       VELVIN OIL COMPANY, INC. has not been issued a driver's license. VELVIN OIL COMPANY, INC. has not been issued a social security number.

4.     Defendant HDI GLOBAL INSURANCE COMPANY, FKA HDI-GERLING AMERICA INSURANCE COMPANY is a foreign Corporation nonresident of Texas who is based in Illinois.  Defendant, HDI GLOBAL INSURANCE COMPANY, FKA HDI-GERLING AMERICA INSURANCE COMPANY, is organized under the laws of the State of Illinois and has been licensed with the Texas Department of Insurance as a fire and casualty insurance company since August 27, 2008. Service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, The Prentice Hall Corporation System, at 701 Brazos St., Ste. 1050, Austin, TX 78701-3232, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.     Defendant ENERGI INSURANCE SERVICES, INC. DBA E.I.S. RISK MANAGEMENT SERVICES, INC is a foreign Corporation nonresident of Texas who is based in Massachusetts.  Defendant ENERGI INSURANCE SERVICES, INC. DBA E.I.S. RISK MANAGEMENT SERVICES, INC is organized under the laws of the State of Massachusetts and is registered with the Texas Comptroller's office.  However, their right to transact business in Texas is forfeited for missing reports, information reports and/or payments. Service of process on the Defendant may be effected pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, Corporation Service Company dba CSC-Lawyers INCO, at 211 E. 7th St., Ste. 620, Austin, TX 78701, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

6.      Defendant ENERGI, INC. a foreign Limited Liability Company  nonresident of Texas, which has no Certificate of Authority for doing business in the State of Texas. Although Defendant ENERGI, INC. engages in business in Texas, no agent has been designated for service of citation, and it has no regular place of business in Texas.  As set forth in this Petition, Defendant ENERGI, INC. contracted with Plaintiff to provide insurance coverage.  Because this lawsuit arises out of Defendant ENERGI, INC.'s purposeful acts in Texas, the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice. Pursuant to Tex. Rev. Civ. Stat. Ann. Art. 17.44(a) & (b) (Vernon 1987) service of citation on Defendant ENERGI, INC. may be accomplished by serving the Secretary of State of Texas who will forward such citation by Certified Mail, Return Receipt Requested to the registered agent of said company, National Registered Agents, Inc., 160 Greentree Dr., Ste. 101, Dover, DE 19904, as shown at the Delaware Department of State: Divisions of Corporations as its registered office.

7.      Defendant ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC, a foreign Limited Liability Company  nonresident of Texas, which has no Certificate of Authority for doing business in the State of Texas. Although Defendant ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC engages in business in Texas, no agent has been designated for service of citation, and it has no regular place of business in Texas.  As set forth in this Petition, Defendant ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC contracted with Plaintiff to provide insurance coverage.  Because this lawsuit arises out of Defendant ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC's purposeful acts in Texas, the assumption of jurisdiction by this Court does not offend traditional notions of fair play and substantial justice.  Pursuant to Tex. Rev. Civ. Stat. Ann. Art. 17.44(a) & (b) (Vernon 1987)m service of citation on Defendant ENERGI RPG, LLC, AKA

ENERGI RISK PURCHASING GROUP, LLC may be accomplished by serving the Secretary of State of Texas who will forward such citation by Certified Mail, Return Receipt Requested to the registered agent of said company, Registered Agent Solutions, Inc., at 9 E. Loockerman St., Ste. 311, Dover, DE 19901, as shown at the Delaware Department of State: Divisions of Corporations as its registered office.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this court.

9.      Plaintiff seeks:

a.      only monetary relief of $75,000.00 or less, including damages of any kind, but excluding interest and costs.

10.     This court has jurisdiction over Defendants because said Defendants have purposefully availed themselves of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

11.     Furthermore, Plaintiff would show that Defendants engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendants contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas.

12.     Venue in RUSK County is permissive in this cause due to the fact that Defendant's cause of action or a significant part thereof arose in RUSK County, Texas to wit: the policy of liability insurance was purchased and delivered in RUSK County.   The misrepresentations were made in or delivered in the county of suit.

## NOTICE

13.    The Plaintiff herein informed the Defendants of the alleged unlawful conduct described below which violates the Texas Deceptive Trade Practices Act at least sixty (60) days before filing of this Plaintiff's Original Petition, as required by TEX. BUS. & COM CODE § 17.47(a).

## TRADE AND COMMERCE

14.    Plaintiff is a "consumer" as defined by TEX. BUS. & COM. § 17.45(4).

15.    Defendants are "person[s]" as defined by TEX. BUS. & COM. § 17.45(3), and has engaged in conduct which constitutes the "business of insurance" as defined by TEX. INS. CODE § 443.004(a)(5).

## ACTS OF AGENTS

16.    Whenever in this Petition it is alleged that any Defendant did any act or thing, it is meant that any Defendant, or its subsidiaries, affiliates, directors, officers, agents, or employees, performed or participated in such act or thing, and in each instance where its subsidiaries, affiliates, directors, officers, agents, or employees performed or participated in such act or thing, they were authorized to and did in fact act on behalf of that Defendant.

## FACTUAL ALLEGATIONS

17.    On October 3, 2013, VELVIN OIL COMPANY, INC. entered into a written contract with HDI GLOBAL INSURANCE COMPANY, FKA HDI-GERLING AMERICA INSURANCE COMPANY, ENERGI INSURANCE SERVICES, INC. DBA E.I.S. RISK MANAGEMENT SERVICES, INC ENERGI, INC., and ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC, providing that general liability insurance would be provided to Plaintiff in RUSK County, Texas, including the payment of attorney's fees and costs

incurred during litigation and charged by the attorney hired by Defendants to represent the Plaintiff. The Defendants "...have the right and duty to defend the insured against any "suit" seeking those [damages because of property damage to which the insurance applies] damages ("the Contract").

18.     Upon presentation of this claim it was forwarded to Service Insurance Group (Petitioner's insurance agent) who, in turn, forwarded it to Defendant Energi, Inc. as required by the terms of the insurance policy. The allegation of delivery of contaminated fuel is a loss clearly covered by the policy of insurance. The policy clearly obligates the insurer to both indemnify the Plaintiff herein for any loss, and provide a defense in connection with any covered loss.

19.     Ms. Daena Goldsmith Ramsey, an attorney from Dallas, was hired by Defendants to represent Velvin Oil Company, Inc. in connection with claims made against it by AJP Oil Company, LLC dba Grapeland Fuel & BBQ originally referenced in Cause No. 14-0217 in the District Court of Houston County, Texas (hereinafter called the "Houston County suit"). This case initially involved an allegation against Plaintiff that it sold to AJP Oil Company, LLC dba Grapeland Fuel & BBQ contaminated diesel fuel which caused significant damages.

20.     Plaintiff herein received several communications from Ms. Ramsey (the attorney which Defendants selected and hired to represent Plaintiff herein) that her bills often remained unpaid for months and were not timely paid. In addition, Ms. Ramsey informed Plaintiff herein that Defendants interfered with retaining and paying for experts during discovery and for trial who were needed to defend Plaintiff herein even though defense of a case centered on allegations of delivery of defective and contaminated fuel required expert testimony. She still

alleges that she has billed Defendant in excess of $30,000.00 in charges which Defendants have written off with no explanation, or with a pretextual explanation.

21.     On or about the 25th day of May, 2016 Defendant AJP amended its suit against Defendant in the Houston County Suit  alleging other causes of action including alleged fraud on the part of Plaintiff in charging and/or retaining excess diesel fuel taxes.  Defendants did not provide Plaintiff with "reservation of rights" or a declination of coverage, or any directive regarding these additional claims.  The defense counsel hired by Defendant ably secured dismissal of these additional claims by the District Court of Houston County on or about the 12th day of August, 2016.

22.     A collateral action was filed in Harris County on March 24, 2017, pleading fraud claims relating to the diesel fuel tax charges identical to those alleged in the Houston County proceedings and seeking discovery that had already been denied in the Houston County suit. Ms. Ramsey ably provided a defense to that case in Harris County which ultimately resulted in the matter being transferred back to Houston County, where it had originally been filed and later dismissed in connection with this case.

23.     The Harris County suit was turned over to Defendant Energi, Inc. on April 15, 2017 for provision of a defense.  Defendant Energi, Inc. had until May 15, 2017 to respond under applicable Texas Law.  However, Defendant Energy, Inc. never responded to this claim to either accept it, reject it, or to provide a defense under a reservation of rights.  Plaintiff contends that Defendants had an obligation to do one of the three in a timely manner and in "good faith" in accordance with the Texas Insurance Code and/or the Texas Deceptive Trade Practices Act.

24.     Contrary to Defendant Energi, Inc.'s obligation to Plaintiff, Defendant Energi, Inc. instructed Ms. Ramsey not to try to secure transfer of the Harris County case to Houston

County, but never communicated these instructions to Plaintiff.  These instructions were in "bad faith" relating to the handling of the claim.  Additionally, Defendant Energi, Inc.'s failure to promptly and timely pay Ms. Ramsey's fees and charges necessary to prepare and defend the Houston County Lawsuit, their failure to pay Ms. Ramsey for her services rendered in connection with the Harris County Lawsuit, coupled with their interference of Ms. Ramsey's handling of the Harris County Lawsuit, and their directing her not to protect the rights of Plaintiff therein by filing a Motion to Transfer Venue constitutes "bad faith" in the practice of insurance claims adjustment.  It further violates the contractual duties which Defendants owed to Plaintiff.

25.    Because of Defendants nonpayment for services rendered by Ms. Ramsey to defend the Harris County Lawsuit, Plaintiff paid Ms. Ramsey the amount of $36,705.40 for defense of the action and to secure the transfer back to Houston County, where it was promptly dismissed.  Those services were clearly related to the lawsuit for which a defense had originally been provided and, further, that Defendants never accepted the secondary claim, denied the secondary claim, or offered to defend the secondary claim with a reservation of rights as required by Texas Law.

## STATUTORY CLAIM

26.    Plaintiff realleges and incorporates by reference the preceding factual allegations for all purposes the same as if set forth herein verbatim.

27.    Plaintiff is a "consumer" as defined by the Texas Deceptive Trade Practices Act.

28.    Defendants' representations, including those as described in this Petition, were false, misleading and deceptive in that Defendants represented to Plaintiff that the Houston County lawsuit would be covered under their insurance policy.  The Harris County lawsuit was a

direct spin-off of the Houston County lawsuit and an obvious effort by Plaintiff to try to avoid the consequences of the rulings entered by the Houston County Court. Therefore, the Harris County lawsuit should have also been covered under the insurance policy. At the very least a "denial" of the claim should have been provided to Plaintiff.

29.     This conduct violate subdivision (12) of Section 17.46 of the Deceptive Tract Practices Act and the Texas Insurance Code in that they constitute representations that an agreement (the Insurance Contract) confered or involved rights, remedies, or obligations which it did not have or involve, or which are prohibited by law.

30.     Plaintiff relied upon the representations that the Defendants would protect it and to provide a full defense for claims related to suits against it.

31.     Defendants engaged in an "unconscionable course of action" by falsely representing to Plaintiff that any and all parts of the lawsuit that are the subject of this suit would be covered under the insurance policy that Defendants sold to Plaintiff and then failing to fully defend it.  This would also apply to the failure to fail and promptly pay for the services of the attorney hired by Defendants to defend Plaintiff.

32.     Defendants' conduct as described above was a producing cause of Plaintiff's economic damages.  As a result of Defendants' conduct, Plaintiff has suffered economic damages within the jurisdictional limits of this court, but less than $75,000.00 excluding interest and costs.

33.     Defendants' conduct described above was committed knowingly and intentionally.  Defendants' were actually aware, at the time of the conduct of the deception, and unfairness of the conduct about which Plaintiff complains.

## TEXAS INSURANCE CODE VIOLATIONS

34.     Defendants have violated TEX. INS. CODE by engaging in one or more of the following acts or practices:

a.      engaging in unfair or deceptive acts or practices in the business of insurance, in violation of TEX. INS. CODE Subchapter A § 541.003; and

b.      making, issuing, circulating, or causing to be made, issued or circulated, a statement misrepresenting the terms of a policy issued or to be issued or the benefits or advantages promised thereby, in violation of TEX. INS. CODE Subchapter B. § 541.051(1).

c.      failing within a reasonable time to affirm or deny coverage of a claim, or to submit a reservation of rights, in violation of TEX. INS. CODE Subchapter B. §541.060(4)(A) & (B).

d.      failing to acknowledge with reasonable promptness pertinent communications relating to a claim, and not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim TEX. INS. CODE Subchapter A/ § 542.003(b)(2) & (3)

## TEXAS ADMINISTRATIVE CODE VIOLATIONS

35.     Defendants have engaged in trade practices in the business of insurance that is a misrepresentation of an insurance policy, in violation of 28 TEX. ADMIN. CODE Chapter 21 by:

a.      misrepresenting facts and/or policy provisions, in violation of 28 TEX. ADMIN. CODE Chapter 21, Subchapter C, § 23.203(1);

b.      failure to acknowledge pertinent communications with respect to claims arising under a policy, in violation of 28 TEX. ADMIN. CODE Chapter 21, Subchapter C, § 23.203(2);

        c.      failure to attempt a good faith settlement, in violation of 28 TEX.

ADMIN. CODE Chapter 21, Subchapter C, § 23.203(4);

        d.      failure to affirm or deny coverage, in violation of 28 TEX. ADMIN.

CODE Chapter 21, Subchapter C, § 23.203(10); and

        e.      failure to respond to request for review of claim, in violation of 28 TEX.

ADMIN. CODE Chapter 21, Subchapter C, § 23.203(16).

## TEXAS DECEPTIVE TRADE PRACTICES -
## CONSUMER PROTECTION ACT VIOLATIONS

    36.     Defendants have violated TEX. BUS & COM. CODE by engaging in one or more

of the following acts or practices:

        a.      engaging in false, misleading, or deceptive acts or practices in the conduct

of trade and commerce, in violation of TEX. BUS. & COM. CODE § 17.46(a);

        b.      representing that goods or services have sponsorship, approval,

characteristics, ingredients, uses, benefits, or quantities which they do not have, in violation of

TEX. BUS. & COM. CODE § 17.46(b)(5);

        c.      representing that an agreement confers or involves rights, remedies, or

obligations which it does not have or involve, or which are prohibited by law, in violation of

TEX. BUS. & COM. CODE § 17.46(b)(12)

        d.      representing that a guaranty or warranty confers or involves rights or

remedies which it does not have or involve, in violation of TEX. BUS. & COM. CODE §

17.46(20);

        e.      failing to disclose information relating to the goods and services offered to

consumers which was known at the time of the transaction where the failure to disclose the

information was intended to induce consumers into transactions which the consumers would not have entered had the information been disclosed, in violation of TEX. BUS. & COM. CODE § 17.46(b)(24).

## BREACH OF CONTRACT

37.     All of the conduct alleged above constitutes a breach of the Insurance Agreement issued by Defendants to Plaintiff which has caused Plaintiff injury and actual damages and attorney's fees as alleged below in excess of the minimum jurisdictional limits of this court, but not to exceed $75,000.00 exclusive of interests and costs.

## DAMAGES

38.     Plaintiff has sustained damages in excess of this Court's jurisdictional minimum, as a result of the actions and/or omissions of Defendants described hereinabove, but not more than $75,000.00 exclusive of interest and costs, including, but not limited to:

Actual or economic damages for payment of attorney's fees paid by Plaintiff that should have been covered under the insurance policy issued by HDI-Gerling America Insurance Company, nka HDI Global Insurance Company, and Energy Insurance Services, Inc. dba E.I.S.  Risk Management Services, Inc, and which the claim was handled by Energi, Inc.  The damages shall not exceed the sum of $75,000.00 in the aggregate exclusive of interest and costs.

## OTHER RELIEF REQUESTED

39.     <u>Specific Performance</u>:  Plaintiff requests the Court order the Defendants, HDI GLOBAL INSURANCE COMPANY, FKA HDI-GERLING AMERICA INSURANCE COMPANY, ENERGI INSURANCE SERVICES, INC. DBA E.I.S. RISK MANAGEMENT

SERVICES, INC ENERGI, INC., and ENERGI RPG, LLC, AKA ENERGI RISK PURCHASING GROUP, LLC, to reimburse Plaintiff the amount of $36,705.40 by the amounts necessary to defend the Harris County suit.   To promptly pay the attorneys selected by Defendants to represent it all reasonable attorney's fees, costs, and expenses (including expert witness fees reasonably and necessarily incurred in connection with the Houston County suit.

40.     In the event the Houston County suit is resolved prior to this suit, Plaintiff prays that it be awarded judgment against the Defendants in the amounts which may remain unpaid which Plaintiff may be required to pay for attorney's fees and costs necessary to defend the Houston County suit.

## ATTORNEY'S FEES

41.     Request is made for all costs and reasonable and necessary attorney's fees incurred by or on behalf of Plaintiff herein in this suit, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, as provided by Chapter 38 of the Texas Civil Practice and Remedies Code

42.     All damages claimed by Plaintiff shall not be in excess of $75,000.00 excluding interest and costs in the aggregate for all amounts sought herein.

## ALTERNATIVE ALLEGATIONS

43.     Pursuant to Rules 47 and 48, Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

## REQUEST FOR DISCLOSURE

44.     Plaintiff, in accordance with the terms and provisions of Rule 194, requests Defendants to, within fifty (50) days of service of this request, provide to Plaintiff's counsel at

his address, the information or material described in Rule 194.2(a)-(k).  In the event that items sought cannot be readily copied or photographed or in the event that any of the material are too voluminous for copying, Plaintiff would request that they be tendered for inspection and copying at the Law Office of Thomas H. Brown, PLLC, 116 N. Kilgore, Texas 75662,  at 10:00 a. m., on the morning fifty (50) days after receipt of this  request.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, VELVIN OIL COMPANY, INC., respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for performance, damages requested hereinabove in an amount in excess of the minimum jurisdictional limits of the Court, but not to exceed $75,000.00 exclusive of interest and costs, together with prejudgment and postjudgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or unpled.

Respectfully submitted,

LAW OFFICE OF THOMAS H. BROWN, PLLC

By: _____
Thomas H. Brown
Texas Bar No. 03175650
Email:  tombrown@tombrownlaw.com
116 N. Kilgore Street
Kilgore, TX 75662
Tel. (903) 984-0999
Fax. (903) 984-2697
Attorney for Plaintiff
VELVIN OIL COMPANY, INC.

F:\WP51\COLLECTI\Velvin Oil\AJP Oil Co-EnergiIns\Petition2.wpd